# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FILED

## CIVIL RIGHTS COMPLAINT FORM

2010 FEB -1 ⊃ 1: 30

Michael Antwon Howard
A- X13370 Plantiff

v

Jacquez Memnon

Lt. Newell (Lieutenant)
Sgt. Crosby (Sergeant)
Dr. Trevino (Doctor)
Nurse Greene
Nurse Payne
Mr. Davis
James John
Joseph Allen
Dr. Aviles (Doctor)
Defendants

CASE # 3: 10-cv-8 1-J-32TEM

Each defendant is being sued in their individual capacities and at all times Mention in this complaint acted under the color of state law

Request trial by Jury

## I. JURISDICTION & VENUE

This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3)

Plantiff seeks declaratory relief pursuant to 28 U.S.C Section 2201 and 2202 Plantiff's claims for injunctive relief are authorized by 28 U.S.C 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure

1. Union Correctional Institution 7819 N.W 228th street Raiford, Fl 32026

2. Yes

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A.  <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

    3. Were you denied emergency status? Yes (✓) No ( )

        a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (✓)

        b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.  <u>Informal Grievance</u> (Request for Interview)

1.  Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.   Formal Grievance (Request for Administrative Remedy or Appeal)

1.  Did you have a disciplinary hearing concerning this matter? Yes (✓) No ( )

2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3.  Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.   Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___28 ᵗʰ___ day of ___January___, 2 _010_ .

_____
Signature of Plaintiff

III.   DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail?  Yes ( ) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C.   If your answer is YES:

1.   What steps did you take? _____

_____

2.   What were the results? _____

_____

3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: _____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __28th__ day of __January__, 2 _010_.

_Michael Hural_
Signature of Plaintiff

IV.   **PREVIOUS LAWSUITS:**

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ☒ No (✓)

B.   Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ☒

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): _Michael A. Howard X1337_

Defendant(s): _STATE of Florida / Memnon et al_

2.   Court (if federal court, name the district; if state court, name the county): _U.S District Court Middle District of Florida Jacksonville Division_
_George C. Yong, U.S. Courthouse, Orange County / Orlando Division_

3.   Docket Number: _? / 3:09-cv-01249-HLA-JRK_

4.   Name of judge: _?/ Henry Lee Adams_

5.   Briefly describe the facts and basis of the lawsuit: _Challenge Conviction_
_Case-041-256 / Habeaus Corpus / Civil rights violation_
_relief for damages_

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
_Case dismissed due to not timely filing proper form_
_Dismissed without prejudice didn't pay filing fee on time_

7.   Approximate filing date: _On or near January 20th, 2008, / 12-18-09_

8.   Approximate disposition date: _on or near February 20th 2008, 1-21-10_

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____

_____

_____

_____

_____

V.   PARTIES:  In part A of this section, indicate your full name in the first blank and your full
     mailing address in the second blank.  Do the same for each additional Plaintiff named in the
     Complaint (if any) in part B of this section:

     A.   Name of Plaintiff: Michael Antwon Howard

          Mailing address: 7819 N.W. 228th Street Raiford, Fl 32026
          Union Correctional Institution

     B.   Additional Plaintiffs: _____

          _____

          _____

     In part C of this section, indicate the full name of the first named Defendant.  Also, fill in his
     or her mailing address, position, and where he or she is employed.  For any additional
     Defendants, use parts D through G of this section for the names, addresses, positions and
     places of employment:

     C.   Defendant:        Jacquez Memnon

          Mailing Address:  7819 N.W. 228th street Raiford Florida 32026

          Position:         Correction Officer

          Employed at:      Union Correctional Institution

     D.   Defendant:        James Johns

          Mailing Address:  7819 N.W. 228th street Raiford Florida 32026

          Position:         Classification Officer

          Employed at:      Union Correctional Institution .

E.  Defendant:        Joseph Allen
    Mailing Address:  7819 N.W. 228th street Raiford, Florida 32026

    Position:         Lieutenant Officer
    Employed at:      Union Correctional Institution

F.  Defendant:        Sgt. Crosby
    Mailing Address:  7819 N.W. 228th street Raiford, Florida 32026

    Position:         Sergeant Officer
    Employed at:      Union Correctional Institution

G.  Defendant:        Lt. Newell
    Mailing Address:  7819 N.W. 228th street Raiford, Florida 32026

    Position:         Lieutenant Officer
    Employed at:      Union Correctional Institution

# V. PARTIES:

H. Defendant: Dr. J. Aviles
   Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026

   Position: Head Medical Doctor
   Employed at: Union Correctional Institution

I. Defendant: Mr. Davis
   Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026
   Position: Classification Supervisor
   Employed at: Union Correctional Institution

J. Defendant: Dr. Trevino
   Mailing Address: 7819 N.W. 228th street Raiford, Fl 32026
   Position: Physician
   Employed at: Union Correctional Institution

K. Defendant: Nurse Payne
   Mailing Address: ?
   Position: R/N (Reg. Nurse)
   Employed at: ?

L. Defendant: Nurse Greene
   Mailing Address: ?
   Position: Nurse
   Employed at: CMS Agency

## VI.   STATEMENT OF CLAIMS: At all times mentioned in this complaint each defendant acted under color of state law

Violation  Cruel and Unusual punishment. (Falsifing Reports)
8th and 14th Amendment U.S.C.A

Violation  Cruel and Unusual punishment. (Deliberate Indifference)
8th and 14th Amendment U.S.C.A

Violation  Cruel and Unusual punishment. (unjustified excessive force.) 8th and 14th Amendment U.S.C.A.

Violation  Cruel and Unusual punishment (unjustified excessive force by administration of involuntary medication.) 8th and 14th Amendment U.S.C.A.

Violation  Cruel and Unusual punishment (Deliberate Medical Indifference)
8th and 14th Amendment U.S.C.A

Violation  Due process (Imposing Unconstitutional procedures prior and in disciplinary hearing) 14th Amendment U.S.C.A

Defendants violations

(Officer J. Memmon, Nurse Payne  Falsifing Reports)

(Lt. Newell  Deliberate indifference)

(Sgt. Crosby  Unjustified excessive force)

(Dr. Trevino, Nurse Greene  Unjustified excessive force by administration of involuntary Medication)

(Dr. J Aviles  Deliberate Medical indifference)

(J Allen, J. Johns  Imposing unconstitutional procedures in disciplinary hearing)

(Mr Davis  Imposing Unconstitutional procedures prior disciplinary hearing)

VI   STATEMENT OF CLAIMS : At all times mentioned in this complaint each defendant acted under color of state law

Defendant J. Memnon deprived plantiff his rights secured under color U.S. constitution and federal laws and deprivation occured under color of state law on 2·24·08 for falsifing reports accusing plantiff of possesion of a knife with malicious and sadistic intent to injure plantiff resulting in bodily and mental harm for past, present, and future which constitutes cruel and unusual punishment in violation of 8th and 14th Amendment U.S constitution, FS.944.35, 768.28 FLM FAC ch. 33.208.002 (12) see Exhibits 1, 2, 3, 4

Defendant Lt. Newell deprived plantiff his rights secured under color of U.S. constitution and federal laws and deprivation occured under color of state law on 2·24·08 for Deliberate Indifference by failing to protect plantiff from unjustified excessive use of force. 1. Executed force that wasn't a last resort (non spontaneous) or justified which had other alternatives by affording plantiff the chance to come out his cell in the presence of the camera. 2. By failing to intervene in the assaults the extraction team carried out against plantiff. 3 By collaborating with medical staff to give plantiff an C.T.O of involuntary medication as punishment. These acts were ~~maliciously~~ maliciously and sadistically enforced against the plantiff which resulted in permanent damage to his right index finger, severe back pains and spasms which could result in further damage in the future as plantiff placed no threat or harm to himself or security or other staff. The physical and mental harm the plantiff suffered by defendant Newell constitutes cruel and unusual punishment in violation of 8th and 14th Amendment U.S constitution FS.944.35, 768.28 ch 33.208.002(8) ch 33.208.002 (24) ch 33-602.210(1,4,12,21) see Exhibits 4, 5, 6, 7 8, 10, 11

# VI   STATEMENT OF CLAIM

Defendant Nurse Payne deprived plaintiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under color of state law on 2·24·08 for falsifying reports to unjustified excessive force by administration of involuntary medication signing physician order sheet stating plaintiff was severe agitated, hostile physically towards security and medical staff brandishing a homemade knife in his cell so plaintiff could reciever E.T.O of psych meds without his concent after being falsly accused by Officer J. Mennon that plaintiff showed him a knife then cell extracted from his. At no time prior to these events was plaintiff seen or evaluated by medical or mental health. This act was done maliciously and sadistically in means to punish plaintiff which constitutes cruel and unusual punishment in violation of 8th and 14th Amendment U.S Constitution, FS 944.35 , 768.28 , Ch 33.208.002 (8)(12) Exhibit 7,9,2,11,12,5,6

Defendant Mr. Davis deprived plaintiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under color of state law as he failed to protect plaintiffs due process rights by forwarding falsified report written on 2·24·08 to institutional disciplinary team for clearing anos in between 2-24-08 - 3-28-08 this act was done maliciously and sadistically and culpably with intent to deprive plaintiff his rights and collaborate with security staff to justify their wrongful and cruel abuse on plaintiff on 2-24-08. The report officer J. Mennon wrote contain several errors and inconsistant allegations with no evidence in support that plaintiff possessed a knife which were easily discoverable had Mr. Davis reviewed reports on 2-24-08 thoroughly and faithly to uphold fairness and due process and failing to do so violates due process under 14th Amendment U.S. Constitution. FLA Constitution Article 1 section 9 FS 925.102 (1)(A) (2)(6) ch 33.601.302 (5) ch 33.208.001 sec Exhibits 1,2,3,4,

## VI  STATEMENT OF CLAIM

Defendant Nurse Greene deprived plaintiff his rights secured under U.S. constitution and federal laws and deprivation occurred under color of state law on 2-24-08 for for unjustified use of excessive force by administration of involuntary medication against plaintiff injecting him by needle with psych drugs Benadryl and Haldol both meds not prescribed by plaintiffs T.C.U treatment plan, without his consent or without prior notice to forced injection. This act was done Maliciously and sadistically with gross negligence in means to punish the plaintiff which constitutes cruel and unusual punishment in violation of 8th and 14th amendment U.S. constitution, F.S. 944.35  768.28  ch.33.208.002(8) ch 33.208.003(24) See Exhibits 5,6

Defendant Dr. Trevino deprived plaintiff his rights secured under U.S. constitution and federal laws and deprivation occurred under color of state law on 2-24-08 for authorizing unjustified excessive force by administration of involuntary medication against plaintiff. the incident which is the result of this complaint was not an emergency on 2-24-08 the plaintiff did not try to harm himself or staff or security or anyone else in T.C.U which is by policy the only situation where a physician can authorize force this action was done Maliciously and sadistically with bad faith in means to punish the plaintiff which constitutes cruel and unusual punishment in violation of 8th and 14th amendment U.S. constitution, F.S 944.35, 768.28 ch 33.208.002 (8) ch 33.208.003 (24) ch 33-602.210 (1,4,12) ch 33-404.107 (3) See Exhibits 2,3,6,7,11

Defendant Sgt Crosby deprived plaintiff his rights secured under U.S. constitution and federal laws and deprivation occurred under color of state law on 2-24-08 for unjustified excessive force by maliciously and sadistically intentionally pulling plaintiffs right index finger all the way back out of its joint in executing use of force as member of extraction team when plaintiff was fully restrained posing no threat to himself or extraction team resulting in permanent damage to his right index finger this act constitutes cruel and unusual punishment in violation of 8th and 14th amendment U.S constitution, F.S. 944.35, 768.28, ch 33.208.002(8) ch33. 208.003 (24) ch 33.-602.210 (1,4,21) see Exhibits 5,6,8,10

# VI  STATEMENT OF CLAIM

Defendants James John and Joseph Allen deprived plantiff his rights secured under U.S Constitution and federal laws and deprivation occured under color of state law on 3-28-08 for imposing unconstitutional procedures in findings of guilty in disciplinary hearing report of possesion of weapon written by officer J. Mannan on 2-24-08. As a Team defendants found plantiff guilty based on section I of the report considered as a testimony which wasn't written under an oath, without reason why officer Mannan was believed in light of facts that no witnesses or other evidence to support his report and the time the report was written plantiff cell was yet to be searched. The findings of guilty was in bad faith and culpably, in disregard to all rules and procedures where plantiff lost 60 days gaintime and suffered 60 day D/c confinement. This act violates due process 14th Amendment U.S constitution Fla constitution Article I section 9  FS. 825.102 (1)(a)(2)(b) Ch. 33. 601.308  see Exhibits 1, 3, 2, 4

Defendant J. Aviles deprived plantiff his rights secured under U.S. constitution and federal laws and deprivation occured under color of state law for Deliberate Medical Indifference on 2-24-08 plantiff was assualted by an extraction team ███ while being cell exstracted where he sustain injuries to his mid-back and right index finger during the weeks and months to follow plantiff began suffering from back pains, headaches, barely ledgeable handwriting etc.. which he address by signing up for institution sick call where he was given ibprofen on 2 occasions but no other service was rendered each time plantiff was charged $4 dollars sick call fee the pain and suffering continued plantiff filed grievances addressing his concerns showing no treatment was afforded and nurses were failing to address issues properly by failing to look into proper records. J. Aviles still refused plantiff any treatment those decision were made in bad faith, gross negligence, culpably violating cruel and unusual punishment which could result in further damage in the future. 8th and 14th Amendment U.S constitution, FS. 825.102 (1)(A) Ch. 33. 208.002 (8) see Exhibits 10, 8, 6, 5

# VI STATEMENT OF CLAIM

The defendants named in this complaint actions violates rights to equal protection and due process in violation of the U.S constitution 8th and 14th Amendments for falsifying reports, deliberate medical indifference, deliberate indifference, excessive force and imposing unconstitutional procedures in findings of guilty in disciplinary hearing and prior to hearing. Culpably, gross negligence, sadistically, and Maliciously with disregard to all rules, laws, policys, with intent to cause plantiff physical and Mental harm with means to cover up fellow co-workers Failure to up hold fairness each defendant action named in this complaint were well outside their individual employment assignment also in violation of state laws and their Florida Department of Correction, employer policies

VII

# STATEMENT OF THE CASE AND FACTS

① On 2-24-08 near 5pm (4pm to 12am shift) while housed in Union Correctional Institution Transitional Care Unit classified S3 grade for severe depression U-Dorm Quad 2 room 2101. Plantiff approached his his celldoor to recieve his evening meal tray as Officer J. Memnon was conducting feeding for evening meal, he approached plantiff' cell door and stated "I don't know why your snitching ass standing at the door you ain't eating tonight snitching bitch." and denied plantiff his evening meal by refusing to open his tray flap. Officer Memnon then continued to feed evening meal then exited the quad and began falsifing his report that plantiff showed him a homemade knife. Nearly an hour later Lt. Newell Officer in charge for U-Dorm on this date above approached plantiff' cell 2101 and stated "Cuff up this is your only chance" without confirming to plantiff he was being accused of possesion of a weapon and his cell needed to be searched. For fear of his life plantiff refused after witnessing numerous inmates being brutally assualted in full restraints by some officers on duty in U-Dorm this night by trickling inmates out of there cells for unjustified reasons. Lt. Newell then exited the quad and returned moments later with a cell exhation team made of 5 officers in protecting pads, helmets, and huge hard plastic shield and video handheld camera recorder held by a female officer. At this time plantiff came to his cell door willingly to cuff up in the security and presence of video camera which he wasn't given an opprotunity. Lt Newell then ordered U-Dorm control room to roll (open) Quad 2 room 2101. Plantiff then quickly laid down on his stomach with his hands behind his back" totally submitting" to the cell extraction team without any form of resistance as the exhaction team entered his cell Lt. Newell then stepped in front of the video recorder as the extraction team began assualting the plantiff he felt something being slammed into his back repeatedly as his back made cracking sound and ached in pain while the extraction teamed yelled "stop resisting". Leg irons and handcuffs was placed on plantiff then Seargant Crosby (a member of the extraction team) grabbed plantiffs right index finger and pulled it all the way back removing it from joint which began to swell instantly as plantiff screamed in further pain and began to cry he then was picked up and escorted to U-Dorm medical room by extraction team, Lt Newell.

VII

and video camera without being asses by anyone from mental health or by medical staff prior use of force. Once inside medical room the extraction team began cutting plaintiff' clothing off his body until he was completely nude then CMS agency Nurse Greene gave plaintiff an involuntary medication by needle E.T.O enjection in plaintiff' rear of Haldol and Benadryl without his concent or affording him a chance to refuse (neither is Haldol medication prescribed by psychiatrist in plaintiff TCU Treatment plan.) assisted by Nurse Payne. Nurse Greene then examined Plaintiff for injuries. and replaced his finger back in its joint. A small shront was placed around plaintiff waist and he was escorted back to his cell u-Dorm Quad 2 2101 which was stripped of all his property and sleeping mattress where he suffered from back pains, headache, sustain in cell extraction plus watery bowels, feelings of death, vomit, discomfort and mental anguish and stress from

(2) E.T.O enjection. Early the next mourning 2-25-08 when mental health staff was available plaintiff declared a psychological emergency in fear of further cruel and unusual punishment and was rehoused in T-Dorm Union

(3) C.I. On or near 3-10-08 plaintiff filed emergency grievance to address excessive forced used on him by security and medical staff on 2-24-08 (No response was returned or investigation by inspector region or institution conducted regarding issue)

(4) On 3-18-08 Plantiff was delivered 3 disciplinary reports for violations of institutional rules Posession of weapon written by officer J.Memmon, Disobeying Verbal Order written by Lt. Newell and Destruction of state Property written by officer Hill During investigation upon delivery of these reports plaintiff requested u-Dorm security camera for Quad 2 17pm - 19pm for 2-24-08 and use of force video tape recorder for 2-24-08 as evidence to show no Knife was found in his cell or photograph in his cell by any officer and that his mattress was in one peice and in normal condition when he was cell extracted to prove reports were falsified. These disciplinary reports were forwarded to Union C.I. classification supervisor Mr. Davis for review of due process accordance then forwarded to institutional disciplinary team James John (chairman) and Lt Joseph Allen (team member) without fair and impartial review. Hearing held 3-28-08 plantiff was found guilty to all 3 reports stated above without team stating enumerated

(5) specific facts or sufficient evidence relied on in teams judgement. On 4-8-08 plaintiff filed appeals to challenge findings of written reports at institution level. the warden at time Mr. Hicks denied appeals 0804 213-081 and 0804-213-083 disobeying verbal order and

2

VII

(6) destruction of state property but overturned and approved appeal for possesion of weapon 0804-213-082. In the months following 2-24-08 to the present plantiff has been suffering from headaches back pains/spasms, mental stress discomfort barely ledgeable handwriting and swelling from injuries sustained in force used on 2-24-08. Plantiff filed numerous sickcalls resoiding his injuries which he was denied all therapy, or X-rays, prescribed medication for pain or examination by an speciallist. Ibprofen was given to the plantiff for headaches but no further treatment was provided despite fact plantiff was charge $4.00 (four dollars) institutional sickcall fee Plantiff filed several grievances at Institution level (and Central Office addressing) his continueous injuries pain and discomfort by inadequate Medical treatment to U.C.I

(7) Chief Doctor J. Aviles who denied all treatment On 5-12-09 after filing another grievance for inadequate Medical treatment. Plantiff was seen by institution doctor Nazaveno and he concluded theres nothing he could do for plantiff still swollen finger which he can't bend completely (right index) and that swelling was permanent, no physical therapy or speciallist review or further treatment but finally ordered X-rays of plantiff "back

(8) On 5-15-09 Plantiff was escorted to R-dorm Union C.I Medical unit for X-rays where X-rays were taken of his lower back X-ray taker affixed order for lower back after plantiff address to her his issue was of mid-back (X-ray taker Name unknown)

(9) On 5-16-09 Plantiff filed another grievance addressing inadequate Medical treatment by Dr. Nazoveno failing to look to proper records to show that Plantiff injury was to his mid-back on 2-24-08 not lower back again Dr. J. Aviles denied grievance and refused to provide treatment when error of order was apparent in records forcing plantiff to continue to live in pain, discomfort suffering and mental stress with the possibility

(10) of suffering further damage in the future. In the months of April and May 09 plantiff filed request and grievances requesting all information, reports, documents, full names of extinction team on 2-24-08, mental health assessment, investigation reports, Nurses full name involved in force used on 2-24-08 and why no response were returned to his emergency grievance and address through grievance procedure why his grievances are being destroyed and unreturned Plantiff then sought means to bring 1983 against defendants named in this complaint.

# VIII   RELIEF REQUESTED

1. The plantiff request this Honorable Court to make an ▮▮ declaratory Judgement stating that the Mental and physical abuse of the plantiff suffered was in results by all defendants named in this complaint culpably violated plantiffs rights secured under the U.S Constitution of America

2. Award Compenstatory and Punitive Damages of a total amount of $2.5 million american dollars for plantiffs mental anguish, distress, emotional stress, pain and suffering, physical discomfort, injury to health in the past, present, and future
   1. Joseph Allen to pay $75,000 Compenstatory and $75,000 Punitive damages
   2. Jacquez Merriman to pay $250,000 Compenstatory and $250,000 Punitive damages
   3. Lt. Newell to pay $100,000 Compenstatory and $100,000 Punitive damages
   4. Nurse Payne to pay $75,000 Compenstatory and $75,000 Punitive damages
   5. Nurse Greene to pay $75,000 Compenstatory and $75,000 Punitive damages
   6. Mr. Davis to pay $100,000 Compenstatory and $100,000 Punitive damages
   7. Dr. Trevino to pay $100,000 Compenstatory and $100,000 Punitive damages
   8. Sgt. Crosby to pay $150,000 Compenstatory and $150,000 Punitive damages
   9. James John to pay $75,000 Compenstatory and $75,000 Punitive damages
   10. Dr. J. Aviles to pay $250,000 Compenstatory and $250,000 Punitive damages

3. Waive all fee's for copies or orders during each phase of this complaint

# VIII  RELIEF REQUESTED

4. Grant any and all relief necessary in the interest in justice

5. Order an immediate impartial Settlement Conference with the plantiff present at Conference.

* Notes 1. Exhaust of Remedies attached to this compliant. Grievances · 0906 -213 -256 , 0804·213·082, 0906 -213 -272 , 09 -6 -15918 , 09 -6 -20256 , 09 -6 -25465 , 0907·213·200 , 0904·213·333, 0904 - 213 - 238, 0808 -213·182 , 08 -6 -15034 , 09·6·25468 , Inmate request form 04·09·367, and written report and report worksheet 213 - 080461.

2  I am able to pay filing fee for this compliant from my Trust fund Account. I authorized the correct amount filing fee be withdrawn from my account my last recieved Trust fund Account statement is attached to this compliant to verify I'm able to pay filing fee  Also attached special withdrawl receipt authorizing payment of filing fee of this compliant at institution level.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORE GOING IS TRUE AND CORRECT

Signed this ___28ᵘ___ day of __January__ . 2010

_____

# APPENDIX

The following Exhibits are attached to this ▮Complaint/✳️ - requested to be
Court Ordered as supporting Evidence

Exhibit #1  officer J. Memnon Disciplinary Report accusing Plantiff of Possesion
of Weapon on 2·24·08

Exhibit #2  Plantiff's Appeal of officer J. Memnon report accusing him of Possesion
of weapon and Disciplinary Team findings of Guilt on 2·24·08 and 3·28·08 grievance
Log# 0804·213·082

Exhibit #3  Union C.I. Disciplinary Team finding work sheet on 3·28·08 for
Possesion of Weapon bearing report written 2·24·08

✳️ Exhibit #4  Plantiff's receipt to appeals 0804-213·081 and 0804-213-083
to show appeals do exist and are relevant to this case also see Plantiff's inmate request
05-09-236  (Appeals to be furnished)

Exhibit #5  DC4-708 form Diagram of Injury sheet on 2·24·08

Exhibit #6  DC4-701C form Emergency Room record sheet on 2·24·08

Exhibit #7  DC4-714 B form Physican Order Sheet on 2·24·08

Exhibit #8  DC4-698A form  Inmate sick call request on 1·7·09, 7·29·08
10·14·08, 10·6·08, 8·13·08, 6·16·09, 4·27·09 for back spasms and pains, headaches

✳️ Exhibit #9  Plantiff's inmate 229 form on 2·24·08

Exhibit #10  Plantiff's grievances addressing inadequate medical treatment 8·12·08
# 0808·213·182 , 4·26·09 # 0904·213·333 , 5·16·09 # 0905·213·238

# APPENDIX

✳ Exhibit #11 Video recorder tape of cell extraction of Plantiff on 2-24-08 and Union C.I U-Dorm Quad 2 security cameras at 17pm - 19pm (addressed to be obtained per F.Ac ch 33.602.033 request never returned )

Exhibit #12 Plantiff" DC6-236 Inmate request mail #05-09-048, 04-09-395 04-09-387 requesting "all" reports, mental health assessments, investigation results, full names all staff involved in use of force on 2-24-08

Exhibit #13 Plantiff" TCU inpatient treatment Plan

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been █ delivered to the Honorable United States District Court Middle District of Florida Jacksonville Division United States District Court, US Courthouse, 300 North Hogan street, Suite 9-150 Jacksonville, Florida 32202-4271 Via U.S. postal Service on this _____28ᵗʰ_____ day of _____January_____ █████
2010

Michael ████

Michael A. Howard X13370

Written Verification under Penalty of perjury pursuant to Florida Statue 92.525 (2)

Under penalties of perjury, I declare that I have read the foregoing Civil Rights Complaint Form and the facts therein are true and correct

Executed on this ___28th___ day of __January__ **2010**

Michael Trump
Michael A. Trump X/3370
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026

## Notary Certificate

State of Florida
County of Union

Personally Known _____ or Produced identification type of I.D. produced.
D.OC  Id.

Sworn to (or Affirmed) and Subscribed before me this __28__ day of JAN
2010

Jerome Lee
Signature of Notary Public - State of Florida

_____
Print, Type, or stamp Commissioned name of Notary Public

My Commission Expires :



NOTARY PUBLIC-STATE OF FLORIDA
Jerome Lee
Commission #DD833761
Expires:   OCT. 26, 2012
BONDED THRU ATLANTIC BONDING CO., INC.